UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
UNITED STATES OF AMERICA,        )
                                )
          v.                     )     Criminal Action No. 06-363-01
                                )     (RWR)
JOSEPH SOOMAI,                   )
                                )
          Defendant.             )
_____  )

## MEMORANDUM ORDER

The United States moved for an order finding that by asserting claims of ineffective assistance of his counsel, David Bos, Esq., in a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, defendant Joseph Soomai waived his attorney-client privilege covering communications between him and Bos. Soomai filed no opposition to the motion, but the government's motion nonetheless was considered on the merits and was granted in September 2012.

Soomai moves for reconsideration of the order granting the government's unopposed motion asserting that current defense counsel inadvertently failed to file electronically Soomai's opposition to the government's motion. Soomai now submits that opposition which asks that "the court not rule on the government's motion requesting the Court issue an order that (1) finds that the defendant has waived the attorney-client privilege with respect to the claims of ineffective assistance of counsel raised in his 2255 motion; and (2) that authorizes

-2-

disclosures by [Bos], pursuant to Rule 1.6(e)(3) of the D.C.
Rules of Professional Conduct." Mot. to Reconsider, Attach. 2 at
2. Soomai's opposition also asks that the government not be
allowed to speak with Bos without current defense counsel present
and that any documents Bos discloses be made available to both
sides.

Under Federal Rule of Civil Procedure 54(b),[1] an
interlocutory order, such as the order at issue, "may be revised
at any time before the entry of a judgment adjudicating all the
claims and all the parties' rights and liabilities." Fed. R.
Civ. P. 54(b). "Under Rule 54, a court may reconsider an
interlocutory decision 'as justice requires.'" U.S. ex rel.
Westrick v. Second Chance Body Armor, Inc., Civil Action No. 04-
280 (RWR), 2012 WL 4475651, at *7 (D.D.C. Sept. 30, 2012)
(quoting Capitol Sprinkler Inspection, Inc. v. Guest Servs.,
Inc., 630 F.3d 217, 227 (D.C. Cir. 2011)). Justice may so
require where the court has "'patently misunderstood the parties,
made a decision beyond the adversarial issues presented, [or]
made an error in failing to consider controlling decisions or

_____

[1] Because habeas corpus proceedings are civil and not
criminal proceedings, Fisher v. Baker, 203 U.S. 174, 181 (1906),
the Federal Rules of Civil Procedure apply "to the extent that
the practice in those proceedings is not specified in a federal
statute, the Rules Governing Section 2254 Cases, or the Rules
Governing Section 2255 Cases; and has previously conformed to the
practice in civil actions[,]" Fed. R. Civ. P. 81(a)(4); see also
Rule 12, Rules Governing § 2255 Cases in the United States
District Courts.

-3-

data, or [where] a controlling or significant change in the law has occurred.'" <u>Arias v. DynCorp</u>, 856 F. Supp. 2d 46, 52 (D.D.C. 2012) (quoting <u>Negley v. FBI</u>, 825 F. Supp. 2d 58, 60 (D.D.C. 2011)).  The burden is on the moving party to show that reconsideration is appropriate and that harm or injustice would result if reconsideration were denied.  <u>Husayn v. Gates</u>, 588 F. Supp. 2d 7, 10 (D.D.C. 2008).  A court may deny a motion for reconsideration when it raises "'arguments for reconsideration the court ha[s] . . . already rejected on the merits.'" <u>McLaughlin v. Holder</u>, 864 F. Supp. 2d 134, 141 (D.D.C. 2012) (quoting <u>Capitol Sprinkler Inspection</u>, 630 F.3d at 227).  Here, Soomai does not allege that the court misunderstood the parties' arguments, considered an issue not presented by the parties, or failed to consider the relevant law and facts in the Memorandum Order entered September 21, 2012.  Further, Soomai cites no intervening change in controlling law, does not demonstrate that reconsideration is necessary to avoid harm or injustice, and asserts an ethics argument that has already been rejected on the merits.  Thus, Soomai's motion to reconsider the waiver finding will be denied.  Moreover, Soomai's request that the court not rule on the government's motion is moot since the government's motion has already been decided.

Soomai's opposition appears to ask to stay the September 2012 Order to give current counsel additional time to

-4-

assemble and review the entire record in part to assess the merit
of the ineffective assistance of counsel claim that Soomai lodged
while he was still pro se.  The request will be treated as one to
hold in abeyance Soomai's ineffective assistance of argument
claim pending counsel's review, and will be granted.  To permit
the government to be able to respond to the entire § 2255 motion
at one time, the government's obligation to respond to Soomai's
§ 2255 motion will be stayed pending a decision by Soomai on
whether he will persist in his ineffectiveness of assistance
claim.

Soomai's opposition also requests that the government not be
allowed to speak to Bos without defense counsel present and that
"the disclosure of documents be handled pursuant to the discovery
rules, so that both sides are given access to any such material."
Mot. to Reconsider, Attach. 2 at 2.  Soomai contends that these
procedures will "better protect all relevant interests, including
the ethical obligations of former counsel, the need for a movant
to protect his ongoing interests in the attorney-client
relationship, and the need for both parties to litigate the
claim[.]"  Id. at 3.  Soomai further contends that ex parte
interviews and disclosures do not allow "current counsel to hear
and, if necessary, object prior to disclosures of former counsel"
to guard against Bos disclosing information outside of the
limited implied waiver of attorney-client privilege.  Id.  Under

-5-

Rule 6 of the Rules Governing Section 2255 Cases, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."  Rules Governing Section 2255 Proceedings for the U.S. Dist. Cts., R. 6(a).  See, e.g., United States v. Stone, 824 F. Supp. 2d 176, 187 (D. Me. 2011) (ordering a formal deposition of a petitioner's former counsel with both current counsel present preceded by disclosure of relevant documents).  Soomai has alleged good cause for a protective order governing any communications and disclosures between Bos and the government regarding Soomai's ineffective assistance of counsel claims, and the government has not opposed Soomai's requests.  Thus, protective measures will be ordered.  Accordingly, it is hereby

ORDERED that defendant Soomai's motion [95] for reconsideration be, and hereby is, DENIED.  It is further

ORDERED that Soomai's request to stay the September 2012 Order, treated as one to hold in abeyance Soomai's ineffective assistance of counsel claim pending counsel's review, be, and hereby is, GRANTED.  Current defense counsel must file a notice by April 8, 2013 informing the court whether Soomai will proceed with his ineffective assistance of counsel claim.  The government's obligation to respond to Soomai's § 2255 motion is stayed sine die.  It is further

-6-

ORDERED that if Soomai chooses to proceed with his ineffective assistance of counsel claim, the government shall be permitted to speak with Bos only when current defense counsel is present and any documents that Bos discloses shall be made available to both sides.

SIGNED this 7th day of March, 2013.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge